SUPERIOR COURT
OF THE

CRAIG A. KARSNITZ,
RESIDENT JUDGE

SUSSEX COUNTY COURTHOUSE
1 THE CIRCLE, SUITE 2
GEORGETOWN, DE 19947
TELEPHONE (302) 856-5263

April 14, 2025

Edward James Stewart
SBI# 00447666
Sussex Correctional Institution
P.O. Box 500
Georgetown, DE 19947

Re: *State of Delaware v. Edward Stewart,* Def. ID No. S2306010632 (R-1)

Dear Mr. Stewart:

On April 5, 2024, after a colloquy with me, you pled guilty to Possession of a Firearm During the Commission of a Felony, Assault in the Second Degree, and Reckless Endangering in the Second Degree. Effective April 5, 2024, you were sentenced to 25 years of Level 5 incarceration, suspended after 15 years for 18 months at Level 3 GPS monitoring.

On June 28, 2024, you filed a *pro se* Motion for Modification of Sentence, which I denied on July 5, 2024.

On April 3, 2025, you filed your first *pro se* Motion for Postconviction Relief under Delaware Superior Court Criminal Rule 61, dated March 30, 2025 (the "Motion"). As I read the Motion, you state five somewhat interrelated grounds for relief, all asserting in some way ineffective assistance of your defense counsel at trial ("Trial Counsel"). The first ground asserts that Trial Counsel told you that you would receive a mental evaluation, and you never received one. The second ground asserts that, prior to your guilty plea, Trial Counsel told you that the Pre-Sentencing Investigation ("PSI") was for the purpose of investigating your mental health history, rather than your prior criminal history, and that, based on the PSI, the State would recommend mental health court, rather than incarceration. The third ground asserts that a prior conviction, more than ten years old, was improperly used in the PSI to influence the sentence,[1] and that Trial Counsel never addressed your concerns about that. The fourth ground asserts that Trial Counsel dismissed your concerns about never having been given your *Miranda* rights.[2] The fifth ground asserts that Trial Counsel told you he would assist you with a Rule 61 motion for postconviction relief but failed to do so.

Your Motion did not request the appointment of postconviction counsel to represent you in this Rule 61 proceeding, nor am I obligated to appoint one. For first

---

[1] You cite Delaware Rule of Evidence 609 (Impeachment of Witness by Evidence of a Criminal Conviction), which does not apply in this context.

[2] Under *Miranda v. Arizona*, 384 U.S. 436 (1966).

postconviction motions in guilty plea cases, I may appoint counsel only if I determine that: (i) the conviction has been affirmed by final order upon direct appellate review or direct appellate review is unavailable; (ii) the motion sets forth a substantial claim that the movant received ineffective assistance of counsel in relation to the plea of guilty; (iii) granting the motion would result in vacatur of the judgment of conviction for which the movant is in custody; and (iv) specific exceptional circumstances warrant the appointment of counsel.[3] I determine that none of these factors are met and I therefore do not appoint postconviction counsel.

I first address the four procedural bars of Rule 61.[4] If a procedural bar exists, as a general rule I will not address the merits of the postconviction claim.[5] A Rule 61 Motion can be barred for time limitations, successive motions, failure to raise claims below, or former adjudication.[6]

First, a motion for postconviction relief exceeds time limitations if it is filed more than one year after the conviction becomes final.[7] In this case, your conviction became final for purposes of Rule 61 30 days after I imposed sentence, i.e., May 5,

---

[3] Super. Ct. Crim. R. 61(e)(3).
[4] *Ayers v. State*, 802 A.2d 278, 281 (Del.2002) (citing *Younger v. State,* 580 A.2d 552, 554 (Del. 1990).
[5] *Bradley v. State*, 135 A.3d 748 (Del 2016); *State v. Page*, 2009 WL 1141738, at*13 (Del. Super. April 28, 2009).
[6] Super. Ct. Crim. R. 61(i).
[7] Super. Ct. Crim. R. 61(i)(1).

2024.[8]  You filed the Motion on April 3, 2025, within the one-year period.  Therefore, consideration of the Motion is not barred by the one-year limitation.

Second, second or subsequent motions for postconviction relief are not permitted unless certain conditions are satisfied.[9]   Since this is your first motion for postconviction relief, consideration of the Motion is not barred by this provision.

Third, grounds for relief "not asserted in the proceedings leading to the judgment of conviction" are barred unless certain conditions are satisfied.[10]  Your grounds for relief are based on a claim of ineffective assistance of counsel.  It is well-settled Delaware law that, as collateral claims, ineffective assistance of counsel claims are properly raised for the first time in postconviction proceedings.[11]   Therefore, consideration of the Motion is not barred by this provision.

Fourth, grounds for relief formerly adjudicated in the case, including "proceedings leading to the judgment of conviction, in an appeal, in a post-conviction proceeding, or in a federal *habeas corpus* hearing" are barred.[12]  In the Motion, you

---

[8] Super. Ct. Crim. R. 61(m)(1).
[9] Super. Ct. Crim. R. 61(i)(2).
[10] Super. Ct. Crim. R. 61(i)(3).
[11] *State v. Schofield*, 2019 WL 103862, at *2 (Del. Super. January 3, 2019); *Thelemarque v. State*, 2016 WL 556631, at *3 (Del. Feb. 11, 2016) ("[T]his Court will not review claims of ineffective assistance of counsel for the first time on direct appeal."); *Watson v. State*, 2013 WL 5745708, at *2 (Del. Oct. 21, 2013) ("It is well-settled that this Court will not consider a claim of ineffective assistance that is raised for the first time in a direct appeal.").
[12] Super. Ct. Crim. R. 61(i)(4).

do not seek to relitigate issues you have previously asserted in the case. Therefore, consideration of the Motion is not barred by this provision.

Moreover, none of these four procedural bars apply either to (i) a claim that there is new evidence of actual innocence in fact, or to (ii) a claim that a retroactively applied rule of constitutional law renders the conviction invalid.[13] You make no such claims here.

Since none of the procedural bars under Rule 61 apply, I will consider the Motion on its merits.

With respect to your claims of ineffective assistance of counsel, I look to the dual standards of *Strickland v. Washington*[14] as applied in Delaware.[15] Under *Strickland*, *you* must show that (1) Trial Counsel's representation "fell below an objective standard of reasonableness" (the "performance prong"); and (2) the "deficient performance prejudiced [your] defense." (the "prejudice prong").[16] In considering the performance prong, the United States Supreme Court was mindful that "[S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable."[17] *Strickland* requires an objective analysis, making every effort "to eliminate the distorting effects of

---

[13] Super. Ct. Crim. R. 61(d)(2)(i) and (ii).
[14] 466 U.S. 668 (1984).
[15] *Albury v. State*, 551 A.2d 53 (Del. 1988).
[16] *Strickland* at 687.
[17] *Id*. at 690.

hindsight" and to "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."[18]  "[S]trategic choices about which lines of defense to pursue are owed deference commensurate with the reasonableness of the professional judgments on which they are based."[19]

As to the prejudice prong, you must demonstrate that there exists a reasonable probability that, but for Trial Counsel's error, the outcome of the trial would have been different.[20]  Even if Trial Counsel's performance was professionally unreasonable, it would not warrant setting aside the judgment of conviction if the error had no effect on the judgment.[21]  A showing of prejudice "requires more than a showing of theoretical possibility that the outcome was affected."[22]

*Strickland* teaches that there is no reason for a court deciding an ineffective assistance claim to approach the inquiry in a particular order, or even to address both prongs of the inquiry if the defendant makes an insufficient showing on one.  A court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant because of the alleged deficiencies. If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient

---

[18]  *Id.* at 689.
[19]  *Id.* at 681.
[20]  *Id.* at 687; *Zebroski v. State,* 822 A.2d 1038, 1043 (Del. 2003); *Wright v. State,* 671 A.2d 1353, 1356 (Del. 1996).
[21]  *Strickland* at 691.
[22]  *Frey v. Fulcomer,* 974 F.2d 348, 358 (3d Cir. 1992).

prejudice, that course should be followed.[23]  In every case, the court should be concerned with whether, despite the strong presumption of reliability, the result of the proceeding is unreliable because of a breakdown in the adversarial process that our system counts on to produce just results.[24]

I find that none of your grounds for relief satisfy either prong of the *Strickland* test, as discussed below, and I summarily dismiss them.

(1)    The first ground asserts that Trial Counsel told you that you would receive a mental evaluation, and you never received one. Even if you were entitled to a mental evaluation, when you did not receive one you never raised this issue with this Court – or anyone else – until now.  In any event, you have in no way demonstrated that you were prejudiced, or that the outcome of the case – my acceptance of your guilty plea -- would have in any way been different.

(2)    The second ground asserts that, prior to your guilty plea, Trial Counsel told you that the Pre-Sentencing Investigation ("PSI") was for the purpose of investigating your mental health history, rather than your prior criminal history, and that, based on the PSI, the State would recommend mental health court, rather than incarceration. A PSI was ordered by me, not by Trial Counsel, and it customarily and regularly encompasses a wide range of factors: your medical and mental health

---

[23] *Strickland* at 697.
[24] *Id*. at 696.

history, your criminal history, your socioeconomic and educational background, and others. It is a comprehensive report which is prepared to assist me in imposing the proper sentence. The PSI here was entirely appropriate, and its reference to your prior criminal history in no way outweighed any other factor(s) so as to distort your sentence. Moreover, the State had no power or authority on the serious facts of this case to recommend mental health court in lieu of incarceration, and it did not do so in your plea bargain. Had it done so, I would have ignored the request. Thus, the outcome of this case would have been the same.

(3) The third ground asserts that a prior conviction, more than ten years old, was improperly used in the PSI to influence the sentence, and that Trial Counsel never addressed your concerns about that. Your citation of the Delaware Rules of Evidence is misplaced. Those rules apply when evidence is presented in open court during a trial. Here there was no trial, because you pled guilty. The PSI may address any prior criminal convictions regardless of their age. In sentencing you, I give that information the appropriate weight depending upon the circumstances of the case and balancing it with other mitigating and aggravating factors. There was no prejudice to you and the results of your guilty plea would have been the same.

(4) The fourth ground asserts that Trial Counsel dismissed your concerns about never having been given your *Miranda* rights. Again, you conveniently raise

8

this issue only now, when it could have been raised much earlier in the proceedings, including at your plea colloquy. This operates as a waiver of those rights.

(5)    Finally, the fifth ground asserts that Trial Counsel told you he would assist you with a Rule 61 motion for postconviction relief but failed to do so. After your conviction, Trial Counsel's representation of you ended. He did not continue to represent you in postconviction matters, although he has a lasting ethical duty to you as a former client. Since your conviction, you have never requested the appointment of postconviction counsel to represent you, including in connection with your prior Motion for Modification of Sentence or in connection with this Motion. Indeed, Rule 61 provides that a request for the appointment of postconviction counsel shall be made contemporaneously with the filing of this Motion, and your failure to so request is deemed a waiver of counsel.[25]

There is no evidence whatsoever in the record that, at that time, you had any issue with your plea, or any disagreement with Trial Counsel about your plea or other dissatisfaction with Trial Counsel. You engaged in a lengthy colloquy with me wherein you acknowledged that you understood the consequences of the plea agreement, that you knew what legal rights you were giving up under such an agreement, and that you were satisfied with your representation by Trial Counsel. You signed a Truth-in-Sentencing ("TIS") form that clearly specified the terms of

---

[25] Super. Ct. Crim. R. 61(e)(1).

9

the plea agreement with the State and the terms of the sentence agreed upon by both parties. After sentencing, you apparently have had a change of heart. It appears that you are really asserting that the sentence is excessive, as you did in your prior Motion for Modification of Sentence, which was denied, not that Trial Counsel was ineffective. Hindsight is 20-20, but your attempt to abrogate your plea agreement comes too late.

In your Petition, you give no supporting facts, evidence, or legal authority whatsoever for your grounds. There is no evidence that Trial Counsel's representation fell below an objective standard of reasonableness, or his deficient performance prejudiced your defense. Self-serving assertions are no substitute for facts, evidence, and legal authority.

I find that, based on your Motion and my thorough review of the record of the prior proceedings in this case, you are not entitled to relief. I therefore am entering an order for summary dismissal.[26] For the reasons discussed above, there is no need for me to expand the record to consider additional evidence[27] or to hold an evidentiary hearing.[28] Your Rule 61 Motion is **DENIED**.

**IT IS SO ORDERED**.

---

[26] Super. Ct. Crim. R. 61(d)(5).
[27] Super. Ct. Crim. R. 61(g).
[28] Super. Ct. Crim. R. 61(h).

Very truly yours,

/s/ Craig A. Karsnitz
Craig A. Karsnitz

cc:    Prothonotary
       Nichole D. Gannett, Esquire, Deputy Attorney General
       James Murray, Esquire